**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4424

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD MARTIN, JR., a/k/a Duke,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Donald C. Coggins, Jr., District Judge.  (7:21-cr-00849-DCC-1)

Submitted:  August 27, 2024                                      Decided:  August 29, 2024

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Martin, Jr., appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1] He argues that § 922(g)(1) is unconstitutional—and his conviction therefore infirm—following *New York State Rifle & Pistol Ass'n v. Bruen*, which held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation."[2] 597 U.S. 1, 17 (2022). The Government moves for summary affirmance in light of our recent decision in *United States v. Canada*, in which we considered and rejected the same argument, holding that "[§] 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances." 103 F.4th 257, 258 (4th Cir. 2024) (cleaned up).

The Government contends that Martin's sole argument on appeal is foreclosed by *Canada* and, thus, is "manifestly unsubstantial." *See* 4th Cir. R. 27(f)(1). Martin concedes that his argument is foreclosed and "an affirmance is inevitable" but nevertheless opposes summary affirmance. Because the only issue raised in Martin's appeal is foreclosed by our decision in *Canada*, we grant the Government's motion for summary affirmance, and we

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. However, the new, increased statutory maximum sentence set forth in 18 U.S.C. § 924(a)(8) does not apply to Martin because he committed the instant offense prior to the statute's amendment.

[2] Martin, who is represented by counsel, also seeks to file a pro se supplemental brief. Because "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal," *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018), we deny Martin's motion to file a supplemental pro se brief.

2

affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*